Filed 2/10/14  P. v. Haynes CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JIMMIE HAYNES,<br><br>        Defendant and Appellant. | B243226<br><br>(Los Angeles County<br>Super. Ct. No. NA091758) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Gary J. Ferrari, Judge.  Affirmed in part and reversed in part.

Sunnie L. Daniels, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Jimmie Haynes was convicted of being a felon in possession of ammunition and two counts of petty theft with a prior, both based on a single theft. The People conceded defendant's contention that one of the two petty theft convictions must be reversed because subdivisions (a) and (b) of Penal Code section 666 describe different sentencing factors, not different crimes.[1] We agree and reverse the conviction on count 3.

## FACTUAL AND PROCEDURAL BACKGROUND

Viewed in accordance with the usual rules on appeal (*People v. Zamudio* (2008) 43 Cal.4th 327, 357-358), the evidence established that a Wal-Mart Loss Prevention Agent observed defendant take several packages of batteries from a display case, put them in his backpack and walk out of the store without paying. Defendant was detained and the police notified. In a search of defendant's person, police found an unfired 9 mm bullet in defendant's pocket. Defendant had multiple state and federal prior convictions, including both theft offenses and serious or violent felonies.

Defendant was charged in count 1 of an information with being a felon in possession of ammunition (§ 30305, subd. (a)(1)); count 2 charged petty theft with a prior in violation of section 666, subdivision (b); count 3 charged petty theft with a prior in violation of section 666, subdivision (a); one Three Strikes prior was also alleged (§ 1170.12, subds. (a)-(d), § 667, subd. (b)-(i)). A jury convicted defendant on all three counts, and the court found true the strike allegation.

Defendant was sentenced to five years, four months in prison comprised of four years on count 1 (the two year mid-term, doubled pursuant to the Three Strikes law), plus a consecutive 16 months on count 2 (one third the 24 month midterm [see § 18, subd. (a)], doubled pursuant to the Three Strikes law); sentence on count 3 was stayed pursuant to section 654. Defendant timely appealed.

---

[1]    All undesignated statutory references are to the Penal Code.

**DISCUSSION**

Defendant and the People are correct that defendant could not be separately convicted of violation of section 666, subdivision (a) and violation of section 666, subdivision (b), arising out of a single theft. This is because, while a single act or omission may violate more than one statute and thus constitute more than one crime (see *People v. Liu* (1996) 46 Cal.App.4th 1119, 1135), and there is generally no limit to the number of convictions for different crimes that may result from a single act or course of conduct (§ 954), a single act that violates just one statute constitutes just one crime.

In this case, defendant was charged in separate counts with violating subdivisions (a) and (b) of section 666. Section 666 sets forth the elements of petty theft with a prior. Subdivisions (a) and (b) of section 666 do not describe different crimes. Rather, each subdivision describes a different punishment, depending on the nature of the perpetrator's prior convictions.[2] In other words, the prior conviction and incarceration requirements of section 666, subdivisions (a) and (b) are sentencing factors, not elements of different offenses. (See *People v. Villa* (2007) 157 Cal.App.4th 1429, 1434 [petty theft with a prior is a lesser included offense of robbery because the prior conviction requirement of § 666 is a sentencing factor, not an element of the crime].)

Because section 666 defines just one crime, a single theft cannot support a conviction for violating section 666, subdivision (a) and a second conviction for violating subdivision (b) of that section. The fact that the trial court stayed sentence on count 3 indicates that it would have dismissed count 3 if it had understood that both convictions could not stand. Accordingly, we reverse the conviction on count 3.

---

**2**    Subdivision (a) makes the crime punishable by one to three years in jail if the perpetrator has been previously convicted of three or more enumerated theft related offenses for which he or she was incarcerated. If the perpetrator is also required to register as a Sex Offender or has a prior conviction for a serious or violent felony, subdivision (b) of section 666 makes the crime punishable by no more than 1 year in jail or by 16 months, 2 years or 3 years in prison. (See § 18 [punishment for felony not otherwise prescribed].)

3

## DISPOSITION

The conviction on count 3 is reversed.  In all other respects, the judgment is affirmed.


RUBIN,  J.

WE CONCUR:


BIGELOW,  P. J.


FLIER,  J.

4